**Nettie G. HENRY, Plaintiff–Appellant,**

**v.**

**DEPARTMENT OF TRANSPORTATION, Defendant–Appellee,**

**Rodney E. Slater, The Honorable, Gary Solomon, Alan Siperstein, Aviation Information & Service, Defendants.**

**Docket No. 02–6104.**

United States Court of Appeals, Second Circuit.

June 24, 2003.

Irene Donna Thomas (Tamika Nicole Sanders, on the brief), Thomas & Associates, Brooklyn, NY, for Appellant.

Vincent Lipari, Assistant United States Attorney (Deborah Zwany, Assistant United States Attorney; Roslynn R. Mauskopf, United States Attorney, of counsel), Office of the United States Attorney for the Eastern District of New York, Central Islip, NY, for Appellee.

PRESENT: MINER, CABRANES, Circuit Judges and DRONEY, District Judge.**

## SUMMARY ORDER

Plaintiff-appellant Nettie G. Henry appeals from an April 10, 2003 judgment entered by the District Court in favor of defendants pursuant to a jury verdict rendered after a five-day trial. Plaintiff's suit is against Rodney Slater, then serving as Secretary of the Department of Transportation, and Gary Solomon and Alan Siperstein, her supervisors at the Federal Aviation Administration's Information Systems Branch at John F. Kennedy International Airport. Judge Walter was required to leave New York before the jury finished deliberating and, accordingly, the verdict was taken by Judge Sifton. The jury rendered a verdict in favor of defendants on plaintiff's race and national origin discrimination claims. This timely appeal followed.

On appeal, plaintiff argues that the District Court committed reversible error when it (1) rejected plaintiff's counsel's proposed instruction on the meaning of "preponderance" and repeated a portion of the same instruction it had given earlier, (2) answered the jury's written request for a clarification of the meaning of "preponderance" in writing outside of the presence of counsel for the parties, and (3) abused its discretion by denying plaintiff's motion to amend the joint pretrial order to include a claim of retaliatory discrimination.

### A.

We examine a supplemental instruction in light of the original charge and "[i]t is

** The Honorable Christopher F. Droney, of the District Court for the District of Connecticut, sitting by designation.

basic law that a jury charge should be examined in its entirety, not scrutinized strand-by-strand." *Time, Inc. v. Petersen Publ'g Co.,* 173 F.3d 113, 118–19 (2d Cir. 1999) (quoting *Warren v. Dwyer,* 906 F.2d 70, 73 (2d Cir.1990)). Only if we are persuaded "that the error was prejudicial or the charge was highly confusing," will the jury verdict be reversed due to an erroneous instruction. *Id.*

Because of a district court's special competence to assess the circumstances under which such issues arise, we accord it "considerable discretion in determining how to respond to communications indicating that the jury is experiencing confusion." *United States v. Parker,* 903 F.2d 91, 101–02 (2d Cir.1990) (citation omitted). "If a supplemental charge is legally correct, the district court enjoys broad discretion in determining how, and under what circumstances, that charge will be given." *United States v. Civelli,* 883 F.2d 191, 195 (2d Cir.1989) (citation omitted).

The jury's only question during its deliberations was sent on the second and final day of deliberations by note and requested that the Court "[p]lease clarify term 'preponderance.'" In response to the jury's request for a clarification of the meaning of "preponderance," the District Court informed counsel, in open court but off of the record, that he would give the same instruction that had already been given as a written supplemental instruction that preponderance means that something is more likely so than not. The Court rejected plaintiff's counsel's request that a scale-tipping analogy (*i.e.,* scales tipping, however slightly, in one direction or the other) be used to clarify the meaning of "preponderance." Counsel did not object to the proposed supplemental instruction. The Court then provided to the jury, outside of the presence of counsel and off of the record, the written supplemental instruc-

tion that he had discussed with counsel. Judge Walter left the courtroom, in the company of the Clerk, after the discussion with counsel and left for Louisiana. The Clerk delivered Judge Walter's handwritten note to the jury, which was written on the jury's note, that "[i]t [preponderance] just means that something is more likely so than not[.]"

■ Longstanding acceptance of the Court's definition of "preponderance" exists. *See, e.g., Fischl v. Armitage,* 128 F.3d 50, 55 (2d Cir.1997) ("To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.") (citation omitted). The scale-tipping analogy is permissible, *see, e.g., Ostrowski v. Atl. Mut. Ins. Cos.,* 968 F.2d 171, 187 (2d Cir.1992) (remanding and recommending that the District Court use the scale-tipping analogy), but not required. Here, the District Court adequately and correctly instructed the jury as to the meaning of preponderance.

■ Plaintiff's argument that the instruction should not have been given outside of the presence of counsel for the parties is without merit. Moreover, where supplemental instructions are given in response to the jury's request, "written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object[.]" *Fillippon v. Albion Vein Slate Co.,* 250 U.S. 76, 81, 39 S.Ct. 435, 63 L.Ed. 853 (1919). The District Court informed counsel of the proposed supplemental instruction prior to giving it, counsel did not object, and any arguable harm from the Court's failure to give the instruction in counsel's presence was harmless. Counsel for plaintiff proposed the use of the scale-tipping analogy, the Court rejected the proposal, and counsel did not object. In these circumstances, the Court did not abuse its discretion when it conveyed the written supplemental instruction

off of the record and outside of counsel's presence.

## B.

■ Plaintiff also argues on appeal that the District Court improperly denied her motion to amend the proposed joint pretrial order to include a claim of retaliatory discrimination. Defendants-appellees argue that we should review the Court's denial of a motion for leave to amend a complaint pursuant to Fed.R.Civ.P. 15(a) ("Rule 15(a)") for abuse of discretion. *See, e.g., Min Jin v. Metro. Life Ins. Co.,* 310 F.3d 84 (2d Cir.2002) (reviewing decision regarding motion to amend a complaint for abuse of discretion). Under Rule 15(a) leave to amend should be freely granted, but a district court has the discretion to deny leave if there is a good reason for the denial, such as futility, bad faith, undue delay, or undue prejudice to the opposing party. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (reviewing decision on whether to amend complaint for abuse of discretion); *Koehler v. Bank of Bermuda (N.Y.) Ltd.,* 209 F.3d 130, 138 (2d Cir.2000) (same). Plaintiff, on the other hand, argues that Fed.R.Civ.P. 16 ("Rule 16") is the correct rule to apply because it dictates when a pretrial order may be amended. Rule 16(b) states that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district court." Fed.R.Civ.P. 16(b). Under Rule 16(b) a court may exercise its discretion to deny an amendment because of the moving party's undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously allowed amendment, undue prejudice to the opposing party or futility of the amendment. *See Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 339–40 (2d Cir.2000). The decision to permit amendment of the proposed joint pretrial order rests within the discretion of the Court and should be granted when "the interests of justice make such a course desirable." *Madison Consultants v. Fed. Deposit Ins. Corp.,* 710 F.2d 57, 62 n. 3 (2d Cir.1983) (quoting *Clark v. Pennsylvania R.R. Co.,* 328 F.2d 591, 594 (2d Cir.1964)); *see also Laguna v. American Export Isbrandtsen Lines, Inc.,* 439 F.2d 97, 101–02 (2d Cir.1971) ( "[W]e have not viewed ... modification [of proposed pretrial orders] with hostility."). In making such a determination, the court should balance "the need for doing justice on the merits between the parties ... against the need for maintaining orderly and efficient procedural arrangements." *Laguna,* 439 F.2d at 101 (quoting 3 J. Moore, Federal Practice ¶ 16.20, at 1136 (3d ed.1968)). The Court should also "consider whether any prejudice to the opposing side will result." *Ismail v. Cohen,* 706 F.Supp. 243, 255 (S.D.N.Y.1989), *aff'd in relevant part and rev'd in part on other grounds,* 899 F.2d 183 (2d Cir.1990); *see also Madison Consultants,* 710 F.2d at 62.

In the circumstances presented, we believe we ought to look to Rule 16(b) for the controlling standard for when a proposed pretrial order may be amended. *See Parker,* 204 F.3d at 339–40. Applying these factors to the instant case, we conclude that the District Court did not abuse its discretion when it refused to permit amendment of the proposed pretrial order.

Plaintiff sought the opportunity to claim that defendants retaliated against her for filing a discrimination complaint in March 1998 by hiring a white female in July 2001 to replace plaintiff, a black female. To establish a *prima facie* case of retaliation under Title VII, plaintiff would have to show that: (1) she engaged in a protected activity; (2) the employer was aware of the protected activity; (3) the employer took adverse employment action; and (4) a causal connection exists between the pro-

tected activity and the adverse action. *See, e.g., Wanamaker v. Columbian Rope Co.,* 108 F.3d 462, 465–66 (2d Cir.1997).

The addition of a claim of retaliatory discrimination would have been futile because plaintiff did not allege facts sufficient to state a claim for adverse employment action before the District Court.

\* \* \* \* \* \*

Substantially for the reasons stated by the District Court, we hereby **AFFIRM** the judgment of the District Court.